## CAMILLO HASLINGER v. THE LONG ISLAND INSURANCE COMPANY.

*Finding of facts—Insufficiency of, and refusal to amend, held a mistrial.*

In this case the Court held that there had been a mistrial, on account of the insufficiency of the finding of facts made by the trial judge, an amendment of which was refused.

Error to Wayne.   (Chambers, J.)   Argued June 17, 1886. Decided June 24, 1886.

Debt.   Defendant brings error.   Judgment set aside. The facts are stated in the opinion.

*Barbour & Rexford*, for appellant.

*Albert J. Chapman*, for plaintiff.

CAMPBELL, C. J.   This was an action of debt upon an award made by two persons chosen to determine the amount of loss under a fire policy.   The court made a special finding of facts, which does not set out the terms of the policy of insurance, or any copy of it; but, after showing payment of premium and damage by fire, states a reference by agreement to appraisers, and their estimate of damages at $205.50. There is a finding that the policy was issued, and all the subsequent steps taken, by one Early, the terms of whose authority by commission are expressly named, and do not expressly include a submission to appraisers or arbitrators, but that the insured person did not know what his authority was; that after the fire Early sent for the insured (Mr. Sears) to settle the loss, saying there was no need of lawyers; that due proof of loss was made out and sent with the award to defendant, and that defendant denied liability.   Certain conclusions of law were made, and judgment given for the sum awarded.   The sum appears to have been duly assigned to plaintiff.

Defendant asked such an amendment to the finding as would show the terms of the submission and award, and should also show the terms of the policy, and showing, further, the circumstances under which Early made the submission.   This was refused.

Errors are assigned upon rulings on testimony, and also upon the refusal of the court to make a further finding, as well as upon the insufficiency of the finding itself.

There is much reason to think that the defendant is liable, and we see no reason to doubt the admissibility of the testimony objected to, which included the proofs of loss, the submission, and award.   We also think there was testimony from which the court might properly find that the submission was fully authorized.   Indeed, under the policy, which is in evidence, we do not see much reason for raising any such question.

But we are compelled to hold that, by an evident over-

sight, the finding has been left imperfect. It does not identify either the policy, the submission, or the award, which all appear to have been in evidence, and to have been annexed to the bill of exceptions. It fails to find such a submission as appears to have been actually made, and the failure is not a mere formal defect. Under the language of the policy, which authorizes a submission, it is to be confined to " the amount of loss or damage, but shall not decide as to the validity of the contract, or any other question except the amount of such loss or damage." This would leave on plaintiff the burden of proving his insurance and other facts necessary to a recovery. The submission actually made is in substantial harmony with the policy. This finding seems to have gone upon the theory that by the submission all other questions concerning the right of recovery had been made unimportant, and it omits such a description of the submission as was necessary to show its real character; and it, therefore, in describing it and the award, fails to truly present what was its effect and bearing. It is evident, from the finding itself, that some questions were raised as to objections which, if not waived, might have led to further consideration. The award itself was not an adjudication of debt, standing alone, but the finding practically so made it.

While the case, as presented by the bill of exceptions, indicates that the court below may very probably have based its conclusions upon all of the facts necessary to a result, yet it is also evident that, had the finding been more full, it would have presented some issues of importance which are not now conclusively determined by it. Taken as it stands, the terms and conditions of the policy receive no notice at all, while from the conclusions of law it appears that some of them were in the mind of the court, although not pointed out by any reference.

For the insufficiency of the finding, it must be held that there has been a mistrial, and the judgment must be set aside, and the case remanded for a new trial, without costs of this Court, and with costs below to abide the event.

The other Justices concurred.